Justin Steffen
*Attorney for Plaintiffs*
Steffen Legal Services, LLC
205 SE Spokane St.  #300
Portland, OR 97202
Tel:  971-570-9225
info@steffenlegal.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CINDY SABAN, JEFFREY DEAN SABAN,** and **COREY SABAN**<br><br>Plaintiffs,<br><br>v.<br><br>**LAKE OSWEGO POLICE DEPARTMENT**, and **MARK ANDERSON**, in his individual capacity,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br>(Unlawful search and seizure)<br><br>**42 USC 1983**<br><br>4th and 14th Amendments of the U.S. Constitution<br><br>**AMOUNT PRAYED FOR: $3,174,172.50**<br><br>**JURY TRIAL REQUESTED** |

PLAINTIFFS, through their attorney Justin Steffen, bring this COMPLAINT against Defendants and alleges as follows:

1.

At all times material to this complaint, Plaintiffs have resided in the Portland Division of the District of Oregon.  Defendant Lake Oswego Police Department (hereafter, 'Defendant LOPD') is a government organization operating in the District of Oregon, and Defendant Mark Anderson (hereafter, 'Defendant Anderson') was an employee of Defendant Lake Oswego Police Department.  This court has original jurisdiction of the federal claim contained in this Complaint

**COMPLAINT**
Page 1 of 7

pursuant to 28 USC 1331.

2.

In April of 2015, Jeffrey Dean, Cindy, and Corey Saban lived at the residence located at 11409 SE 56th Avenue in Milwaukie, Oregon.  On 4/7/15, Defendants searched Plaintiff's residence, detained and questioned Plaintiffs, and seized several personal items including, but not limited to, computers, tablets, video game consoles, and power tools.  As of the filing of this complaint, these items are still being held by Defendant LOPD.

3.

This search and seizure was based on a search warrant signed by Clackamas Circuit Court Judge Deanne Darling and was based entirely on the Affidavit of Probable Cause for Issuance of a Search Warrant, written and signed by Defendant Anderson.  Plaintiffs were subsequently charged with several felony and misdemeanor crimes related to theft and identity theft.  Defendant LOPD and the Clackamas County District Attorney's office accused Plaintiffs of stealing credit card numbers, manufacturing fake credit cards, and using these cards/numbers to purchase and resell items, such as video game consoles.

4.

Plaintiffs were indicted for their alleged crimes in late November or early December of 2017.  They were not aware of the search warrant affidavit until it was released during discovery in their criminal cases in the winter or spring of 2018.

5.

In December of 2018, Plaintiffs' criminal defense attorneys moved to quash the warrant because it was unconstitutional based on the 4th and 14th Amendments of the United States Constitution and Article I, Section 9 of the Oregon Constitution.  Judge Rastetter agreed, quashing the warrant on 12/10/18.  Based on this ruling, all criminal charges were subsequently dismissed against all Plaintiffs.  Plaintiffs Cindy Saban and Jeffrey Dean Saban then had their

records related to these charges expunged.

6.

The warrant and the affidavit on which it was based are indeed unconstitutional and violate the 4th amendment of the U.S. Constitution. Specifically, Defendant Anderson makes several statements in his affidavit that do not support his claim that he had probable cause to search Plaintiffs' residence.

7.

Specifically:

-Defendant Anderson claims that a fraud investigator (Ryan Fitzgerald) saw Plaintiffs drive away in a Lincoln Navigator with license plate number CL59113. Defendant Anderson then runs this number and finds out it belongs to a Dodge 3500 pickup. Incredibly, Defendant Anderson then begins punching in random numbers that are similar to the one he was given by the fraud investigator until he hits a match with a Lincoln Navigator with plate number CA59113 (the one that happens to be registered to Plaintiff Jeffrey Dean Saban). Defendant Anderson did not have probable cause to enter random license plate numbers until he found a car that would support the statement made by the fraud investigator.

-Defendant Anderson goes on to state that Officer Elkins of the Milwaukie Police Department observed all three Plaintiffs exit the vehicle at their residence. However, there is no allegation that Officer Elkins observed Plaintiffs committing any crime whatsoever, or even possessing anything from Fred Meyer. Defendant Anderson claims (without any evidence) that Plaintiffs would have been motivated to destroy items shortly after committing a crime. Simply observing Plaintiffs exit their vehicle at their residence does not create probable cause to search that residence and there was no evidence that any of the Plaintiffs had committed any crime at that time.

-Defendant Anderson also claims that Mr. Fitzgerald claims a card used by an individual

(allegedly Plaintiff Corey Saban) on 4/6/15 was, "smooth and the numbers were not embossed". This is odd since in the video footage in question this person retains possession of the card the entire time. It is impossible for Mr. Fitzgerald to know whether or not the card was smooth with un-embossed numbers. Furthermore, upon information and belief, many credit cards are now legally made that are smooth with un-embossed numbers. Possessing one and using it a store is not a crime and observing this behavior does not create probable cause to issue a search warrant. Finally, Defendants did not even know who owned the card number in question until 10 months after the search warrant was issued. At the time the warrant was issued, Defendants had no evidence to suggest that the card number did not belong to the individual seen in the video footage.

-Based on seeing this person who was allegedly Plaintiff Corey Saban make a perfectly legal purchase, Defendant Anderson makes the bizarre leap in logic that he somehow has probable cause to search the other Plaintiffs' residence and vehicle. Identifying one individual making a legal purchase does not give probable cause to issue a search warrant for an entirely different individual.

-Defendant Anderson claims that the fact an individual allegedly has a flat credit card with un-embossed numbers is evidence that Plaintiffs are manufacturing credit card numbers on gift cards. This is not probable cause to issue a search warrant. Indeed, no credit card manufacturing equipment was found during the search.

-In his affidavit, Defendant Anderson alleges that Plaintiff Cindy Saban entered the store on 4/6/15 and then left with the other Plaintiffs, but he does not allege she committed any sort of crime. Entering and leaving a store do not create probable cause to issue a search warrant.

8.

The search warrant and the affidavit on which it was based are unconstitutional. By executing the warrant that led to baseless criminal charges, Defendants have caused Plaintiffs

**COMPLAINT**

extreme emotional distress.  They have been subjected to malicious prosecution by Defendants which has led them to endure defending themselves against multiple felony and misdemeanor charges in legal proceedings that lasted almost three years.  They were also evicted from their residence based on the criminal charges.

9.

As a direct result of the unconstitutional search, Plaintiff Cindy Saban incurred $7,786.25 in attorney fees for retaining a criminal defense attorney.  Plaintiff Jeffrey Dean Saban also incurred $7,786.25 in fees, and Plaintiff Corey Saban incurred $5,600 in fees.

10.

In addition, Plaintiffs have incurred economic damages representing the value of their property that was wrongfully seized by Defendants.  The value of this property shall be determined at trial, but shall not exceed $30,000.

11.

Shortly before Plaintiffs were indicted based on Defendant's unlawful search and seizure, Plaintiff Jeffrey Dean Saban was in the process of buying a house located at 15152 SE Fairoaks Ave., Milwaukie, OR  97267.  This purchase included gift equity valued at $123,000.  After he was indicted, Mr. Saban was forced to spend money on an attorney, as described above.  The money used to hire his attorney was earmarked to pay off some past judgments that were holding up the final purchase of the home.  Since Mr. Saban was unable to pay off these judgments, he lost out on the purchase of the home.  But for Defendants' unconstitutional actions, Mr. Saban would have been able to complete his purchase of the home and would have benefited from the $123,000 in gift equity.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Unlawful search:  4th Amendment to the U.S. Constitution; 42 USC 1983)

12.

Plaintiffs re-allege and incorporate Paragraphs 1-11 as if fully set forth here.

13.

Defendants' search of Plaintiffs' residence as described above was in violation of the 4th Amendment. But for that unreasonable search, Plaintiffs would not have been charged with any crimes. As a direct result of Defendants' actions, Plaintiffs have incurred non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $500,000 each. Plaintiffs have also incurred economic damages related to attorney fees, as described in Paragraph 9, above. Plaintiff Jeffrey Dean Saban has also suffered $123,000 in economic damages, as described in Paragraph 11, above. Plaintiffs also seek punitive damages in the amount of $1,500,000.

## SECOND CLAIM FOR RELIEF
(Unlawful seizure: 4th Amendment to the U.S. Constitution; 42 USC 1983)

14.

Plaintiffs re-allege and incorporate Paragraphs 1-11 as if fully set forth here.

15.

Defendants' seizure of Plaintiffs and their property on 4/7/15 as described above was in violation of the 4th Amendment. But for that unreasonable seizure, Plaintiffs would not have been charged with any crimes. As a direct result of Defendants' actions, Plaintiffs have incurred non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $500,000 each. Plaintiffs have also incurred economic damages in an amount not to exceed $30,000 ($10,000 each). Plaintiffs have also incurred economic damages related to attorney fees, as described in Paragraph 9, above. Plaintiff Jeffrey Dean Saban has also suffered $123,000 in economic damages, as described in Paragraph 11, above. Plaintiffs also seek punitive damages in the amount of $1,500,000.

## PRAYER FOR RELIEF

16.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $3,174,172.50, representing the following:

-$1,500,000 in non-economic damages ($500,000 for each Plaintiff).

-$174,172.50 in economic damages (17,786.25 for Cindy Saban, $140,786.25 for Jeffrey Dean Saban, and $15,600 for Corey Saban).

-$1,500,000 in punitive damages against Defendants for violating Plaintiffs' 4th Amendment rights.

-Plaintiff's reasonable costs and attorney's fees associated with bringing this action, pursuant to 42 USC 1988(b).

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on:  11/21/19

By: s/ Justin Steffen_____
Justin Steffen
*Attorney for Plaintiffs*
Steffen Legal Services, LLC
205 SE Spokane St.  #300
Portland, OR 97202
Tel:  971-570-9225
Fax: 503-345-0970
info@steffenlegal.com